UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LARY FEEZOR,

No. CIV. 08-0972 FCD KJM

       Plaintiff,

    v.                           MEMORANDUM AND ORDER

BIG 5 CORP. dba BIG 5 SPORTING
GOODS #93; PATRICK J. KIRRANE;
MARGARET KIRRANE,

       Defendants.

----oo0oo----

    This matter is before the court on defendants Big 5 Corp. and Patrick J. Kirrane's (collectively, "defendants") motion to dismiss plaintiff Lary Feezor's ("plaintiff") state law claims pursuant to 28 U.S.C. § 1367(c).  Plaintiff opposes the motion, and, in the alternative, requests a stay of the proceedings pending the California Supreme Court's decision in response to Munson v. Del Taco, 522 F.3d 997 (9th Cir. 2008).  For the reasons set forth below,[1] defendants' motion to dismiss

---

    [1]    Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

1

1  plaintiff's state law claims is DENIED, and plaintiff's request

2  for a stay is GRANTED.

3  <center>**BACKGROUND**</center>

4      On May 5, 2008, plaintiff initiated this action arising out

5  of defendants' alleged "discrimination at the building,

6  structure, facility, complex, property, land, development, and/or

7  surrounding business complex." (Compl., filed May 2, 2008, ¶ 1.)

8  Plaintiff alleges that he is physically disabled, as defined by

9  all applicable California and United States laws, and that he

10 encountered barriers on defendants' premises that "interfered

11 with – if not outright denied – his ability to use and enjoy the

12 goods, services, privileges, and accommodations offered at the

13 facility." (Id. ¶¶ 8-9.)  Plaintiff brought suit for injunctive

14 relief under the American with Disabilities Act and for

15 injunctive and monetary relief under the California Disabled

16 Persons Act and the California Unruh Civil Rights Act (the "Unruh

17 Act").  (Id. ¶¶ 16-47.)

18 <center>**STANDARD**</center>

19     A district court has the discretionary power to control the

20 disposition of the cases on its docket "in a manner which will

21 promote economy of time and effort for itself, for counsel, and

22 for the litigants." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th

23 Cir. 1962); see Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

24 How these objectives can be achieved "calls for the exercise of

25 judgment, which must weigh competing interests and maintain an

26 even balance." Landis, 299 U.S. at 254-55; see Lockyer v. Miran

27 Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) ("Where it is proposed

28 that a pending proceeding be stayed, the competing interests

<center>2</center>

1   which will be affected by the granting or refusal to grant a stay

2   must be weighed.").  Such competing interests include "the

3   possible damage which may result from the granting of a stay, the

4   hardship or inequity which a party may suffer in being required

5   to go forward, and the orderly course of justice measured in

6   terms of the simplifying or complicating of issues, proof, and

7   questions of law which could be expected to result from a stay."

8   CMAX, 300 F.2d at 268.

9        "A trial court may, with propriety, find it is efficient for

10  its own docket and the fairest course for the parties to enter a

11  stay of an action before it, pending resolution of independent

12  proceedings which bear upon the case."  Lockyer, 398 F.3d at 1111

13  (quoting Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857,

14  863-64 (9th Cir. 1979); see Landis, 299 U.S. at 255 (rejecting as

15  "too mechanical and narrow" the view that there is no power to

16  stay a proceeding upon the outcome of a controversy to which the

17  litigant is a stranger).  These separate proceedings may be

18  judicial, administrative, or arbitral in nature, and proper

19  imposition of a stay does not require that the issues in such

20  separate proceedings are necessarily controlling of the action

21  before the court.   Id. (quoting Levya, 593 F.2d at 863-64).

22  However, "[a] stay should not be granted unless it appears likely

23  the other proceedings will be concluded within a reasonable time

24  in relation to the urgency of the claims presented to the court."

25  Id. (quoting Levya, 593 F.2d at 864).

26                          **ANALYSIS**

27       Plaintiff alleges that the court has jurisdiction over his

28  state law claims pursuant to 28 U.S.C. § 1367.  (Compl. ¶ 4.)

                                3

1  Section 1367 provides, in relevant part

2        [I]n any civil action of which the district courts have
       original jurisdiction, the district courts shall have
3        supplemental jurisdiction over all other claims that
       are to related to claims in the action within such
4        original jurisdiction that they form part of the same
       case or controversy . . . .
5

6  28 U.S.C. § 1367(a) (West 2008).  State claims are part of the

7  same case or controversy if they derive from a common nucleus of

8  operative fact.  United Mine Workers of Am. v. Gibbs, 383 U.S.

9  715 (1966); Gilder v. PGA Tour, Inc., 936 F.2d 417 (9th Cir.

10 1991).  However, the court may decline to exercise supplemental

11 jurisdiction over such claims if:

12       (1) the claim raises a novel or complex issue of State
       law,
13       (2) the claim substantially predominates over the claim
       or claims over which the district court has original
14       jurisdiction,
       (3) the district court has dismissed all claims over
15       which it has original jurisdiction, or
       (4) in exceptional circumstances, there are other
16       compelling reasons for declining jurisdiction.

17 28 U.S.C. § 1367(c).

18       Defendant contends that plaintiff claim under the Unruh

19 Civil Rights Act presents novel or complex issues of state law

20 because the Ninth Circuit recently certified to the California

21 Supreme Court questions of law regarding interpretation of the

22 statute.  Munson v. Del Taco, Inc., 522 F.3d 997, 999 (9th Cir.

23 2008).  The Ninth Circuit held that certification was required

24 because of a conflict between state and federal law.  Id. at

25 1000-03.  Specifically, after the California legislature amended

26 the Unruh Act in 1992, the Ninth Circuit held that a plaintiff

27 was not required to demonstrate intentional discrimination in

28 cases involving violations of the ADA.  Lentini v. California

                                  4

1    Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004).

2    Subsequently, the California Court of Appeal held that Lentini

3    was wrongly decided and that a showing of intentional

4    discrimination is required to obtain relief under the Unruh Act.

5    Gunther v. Lin, 144 Cal. App. 4th 223, 255-56 (2006).  In Munson,

6    the Ninth Circuit noted that in the absence of a decision by the

7    highest court of the state, it was required to follow the

8    decision of the intermediate appellate courts, "unless there is

9    convincing evidence that the highest court of the state would

10   decide differently."  Munson, 522 F.3d at 1002 (quotations and

11   citations omitted).  However, the court reasoned that the

12   analysis by the court in Gunther left it "in doubt as to whether

13   the California Supreme Court would hold in conformity with it."

14   Id.  As such, the Ninth Circuit requested certiorari to determine

15   (1) whether "a plaintiff who seeks damages under [the Unruh Act],

16   claiming denial of full and equal treatment on the basis of

17   disability" must prove intentional discrimination; and (2) if so,

18   "what does 'intentional discrimination' mean in this context?"

19   Id.  The California Supreme Court granted review, and

20   petitioner's opening brief was scheduled to be filed by August

21   15, 2008.  (Ex. B to Defs.' Req. for Judicial Notice in Supp. of

22   Mot. to Dismiss, filed July 31, 2008.)

23        While the court finds that the resolution of these issues by

24   the California Supreme Court is highly relevant to plaintiff's

25   Unruh Act claim, the pending proceedings do not justify dismissal

26   of the state law claims pursuant to § 1367(c).  Defendant cites

27   to numerous recent federal district court decisions that have

28   dismissed state law claims in similar actions.  However, none of

1  these cited cases were decided after certification of the

2  pertinent questions to the California Supreme Court.  But see,

3  Oliver v. KFC Corp, 2008 WL 2756605 (S.D. Cal. July 14, 2008)

4  (noting that the court could stay the case and await the

5  California Supreme Court's decision, but declining to exercise

6  supplemental jurisdiction because the court dismissed the ADA

7  claim that gave rise to federal jurisdiction).  The conflict

8  between the Ninth Circuit's decision in Lentini and the

9  California Court of Appeal's decision in Gunther will be resolved

10  by the Supreme Court's resolution of the certified questions set

11  forth in Munson.  Once this decision is rendered, the court will

12  not be presented with novel or complex issues of state law with

13  respect to plaintiff's claim under the Unruh Act.[2]

14      Therefore, the important policies of comity and federalism

15  implicated by § 1367(c) will be served by staying this action

16  pending the California Supreme Court's resolution of the

17  certified questions.  Further, judicial economy and convenience

18  will be served by hearing both the state and federal claims that

19  arise out of the common nucleus of operative fact in one action.

20  Moreover, in light of the pending briefing schedule before the

21  California Supreme Court and the early stages of litigation in

22  this action, it does not appear that either party will be

23  prejudiced by a stay in this action.

24

25      [2]   In their reply, defendants also argue that plaintiff's
state law claims for damages substantially predominate over the

26  federal claim for injunctive relief.  However, defendants rely
solely on cases that found dismissal of state law claims was

27  appropriate because of the predominance money damages *in addition
to* an unresolved conflict in state law.  Because the California

28  Supreme Court's decision will resolve this conflict, these cases
are distinguishable.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiff's state law claims is DENIED, and plaintiff's request for a stay is GRANTED.  As such, this action is STAYED pending the California Supreme Court's decision in response to <u>Munson v. Del Taco</u>, 522 F.3d 997 (9th Cir. 2008).

IT IS SO ORDERED

DATED: September 29, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE